**SheppardMullin**

Sheppard
30 Rocke
New York
212.653.8
212.653.8
www.she

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/2025

March 13, 2025

*Via ECF*
Hon. Margaret M. Garnett
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>Axos Financial, Inc. v. 148 Duane LLC, et al., Case No. 25-cv-00251 (MMG)</u>

Dear Judge Garnett:

      We are counsel to Axos Financial, Inc. (the "<u>Plaintiff</u>"), the plaintiff in the above-referenced action (the "<u>Action</u>") and the first priority mortgagee of certain condominium units located at 148 Duane Street, New York, New York 10013 (the "<u>Property</u>").

      Pursuant to Rule I(B)(5) of Your Honor's Individual Rules and Practices, Plaintiff respectfully requests that this Court adjourn the evidentiary hearing (the "<u>Hearing</u>") currently scheduled for March 25, 2025 at 9:30 a.m. in connection with Plaintiff's *Order to Show Cause Why a Receiver Should Not Be Appointed in This Mortgage Foreclosure Action* (the "<u>Order to Show Cause</u>") to April 7, 2025 at 9:30 a.m., or another time on that date that is convenient to this Court. If April 7, 2025 does not work for the Court to conduct the Hearing, Plaintiff will work together with the other parties to propose another date that is convenient to the Court.

      The March 25th date now unfortunately poses a new scheduling conflict for Plaintiff's witness, Thomas Constantine, due to work obligations. Further, following the March 5th hearing, Plaintiff, defendant 148 Duane LLC (the "<u>Borrower</u>"), and defendant Kent Swig (the "<u>Guarantor</u>") commenced discussions regarding coordinating access to the Property so that Plaintiff can inspect it. This inspection, which can be completed prior to April 7, 2025, could impact facts or evidence relevant to the Order to Show Cause that may affect aspects of the Hearing. It therefore promotes judicial efficiency to adjourn the Hearing to April 7, 2025 so the Court can review the complete record in connection with the Order to Show Cause.

      This is Plaintiff's first request for an adjournment of the Hearing. Counsel to Borrower and Guarantor have consented to this request. Counsel to defendants Timothy Tabor and Akiko Tabor (the "<u>Tabors</u>"), however, do not consent to this request for the reasons counsel to the Tabors has written below.

**The Tabors' Position Regarding Plaintiff's Requested Adjournment**

      The Tabors object to any adjournment of the Hearing into April 2025 or later. As noted in their conditional opposition to Plaintiff's receivership motion, none of the rent differential or per diem charges due to the Tabors under the state-court November 2021 Judgment and Order have been paid since September 2024 through present. Plaintiff has refused to offer any payment towards the charges due under the November 2021 Judgment and Order, and 148 Duane LLC likewise has failed to make payment of the same. Furthermore, any application that the Tabors might otherwise seek in state court to enforce their rights as against 148 Duane LLC will be

-1-

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

impacted considerably by how this Court adjudicates Plaintiff's pending application for appointment of a receiver.

The Tabors also note that although Plaintiff's proferred reason for seeking an adjournment is that Mr. Constantine, Plaintiff's representative, apparently has "work obligations" on March 26, 2025, the fact is that Mr. Constantine was in attendance during the parties' initial conference on Plaintiff's receivership application before the Court, and he did not raise any possible work obligations that would conflict with the scheduled date at that time.

The Tabors respectfully submit that the financial costs being borne by them warrant a prompt resolution to the receivership hearing. For that reason, we ask this Court to adhere to the existing schedule and to proceed with the receivership hearing on the date that all counsel and parties agreed was acceptable to them when we were before the Court, to wit: March 26, 2025.

Plaintiff thanks the Court for its consideration of this request and remains available at the Court's convenience should the Court have any questions.

Respectfully submitted,

/s/ Michael T. Driscoll

Michael T. Driscoll
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc: Donald A. Harwood, Esq. and Simon W. Reiff (Counsel to the Tabors)
    Mark D. Lebow, Esq. (Counsel to 148 Duane LLC and Kent Swig)

---

Application GRANTED. The Court is also in receipt of Defendants' 148 Duane LLC and Kent Swig's consent to Plaintiff's request. Dkt. No. 49. The evidentiary hearing scheduled for March 25, 2025, shall be ADJOURNED to **Friday, May 2, 2025, at 10:00 a.m.** The hearing shall be held in-person (with accommodations for counsel for Defendants Timothy and Akiko Tabor) in Courtroom 906 in the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. No later than **April 28, 2025**, the parties shall (i) jointly e-mail Chambers with their anticipated witness list and confirm whether the witnesses will be providing direct testimony live or by affidavit or affirmation; and (ii) provide electronic copies of their exhibits and exhibit lists, pursuant to the Court's Individual Rules & Practices. The parties shall also provide hard copies of their exhibits and exhibit lists to the hearing for the Court and witnesses.

The Court is also in receipt of repeated attempts by Mr. Lebow to appear on behalf of 148 Duane LLC. Dkt. Nos. 46 & 48. Mr. Lebow still has not effectively entered his appearance on behalf of 148 Duane LLC. The Court again admonishes and encourages Mr. Lebow to contact the ECF help desk for assistance.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 47 & 49.

SO ORDERED. Date: 3/19/2025.

*[signature]*

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

-2-