UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
AXOS FINANCIAL, INC.,
                    Plaintiff,

Case No. 1:25-cv-251

    -against-

148 DUANE LLC, KENT M. SWIG, TIMOTHY TABOR, AKIKO TABOR, BOARD OF MANAGERS OF 148 DUANE STREET CONDOMINIUM, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and "JOHN DOE NO. 1" to "JOHN DOE NO. 20," inclusive, the last twenty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

                    Defendants.
------------------------------------------------------------------- X

## ORDER APPOINTING RECEIVER

Upon the Declarations of Thomas Constantine, dated February 4, 2025 and Michael T. Driscoll, dated February 4, 2025, the Memorandum of Law in Support of Plaintiff Axos Financial's (the "Plaintiff") Order to Show Cause Why a Receiver Should Not Be Appointed in This Mortgage Foreclosure Action (the "Order to Show Cause"), the May 2, 2025 Order to Show Cause evidentiary hearing before the Court, the May 8, 2025 continued Order to Show Cause evidentiary hearing before the Court, and the June 30, 2025 hearing before the Court, it is hereby

**ORDERED**, that

1.    The Order to Show Cause for the appointment of a receiver for the three condominium units (Block 146, Lots 1401, 1402, and 1403) with related improvements, personal property and fixtures therein (collectively, the "Property") at the condominium known as 148

Duane Street Condominium, located at 148 Duane Street, New York, New York 10013 is proper for good cause shown.

2. Fred Stevens, Esq. of Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036-7203 (the "Receiver") has the necessary qualifications and experience, is not an attorney for or related to any party to this action and is a proper person to be the receiver in this action.

3. Receiver is hereby appointed, effective as of 12:01 a.m. Eastern Standard Time on July 1, 2025, to act as receiver with respect to the Property and the personal property related thereto. Solely in accordance with the Court's ruling at the June 30, 2025 hearing, Plaintiff shall advance funds to Receiver to pay Timothy Tabor and Akiko Tabor (collectively, the "Tabors") the monthly rent differential of $13,657.26 (the "Monthly Rent Differential") as arising from, and pursuant to, the Order and Judgment of the Supreme Court of the State of New York, New York County, dated October 21, 2021, and entered on November 15, 2021 (the "Monthly Rent Differential Judgment"), on a go-forward basis only, on the first day of each calendar month effective July 1, 2025; provided however, the Monthly Rent Differential for July 2025 shall be advanced by July 7, 2025 and on the first day of each calendar month thereafter through the end of the calendar month that a Temporary Certificate of Occupancy (a "TCO") is issued by the City of New York for the Property. Plaintiff's obligation to advance the Monthly Rent Differential shall extinguish at the end of the calendar month in which a TCO is issued for the Property; provided further, if the Receiver is discharged prior to the issuance of a TCO for the Property, Plaintiff's obligation to advance the Monthly Rent Differential shall become null and void and of no further effect as of the date of such discharge. Plaintiff shall also advance funds to cover reasonable relocation expenses of the Tabors to reoccupy their leased portion of the Property following

issuance of the TCO. However, for the avoidance of doubt, Plaintiff shall not be obligated to advance funds to the Tabors under the Monthly Rent Differential Judgment for other amounts owed thereunder except as explicitly set forth herein, which amounts not explicitly listed herein shall each remain the sole obligation and liability of Borrower (as defined herein). Any funds advanced to Receiver pursuant to this paragraph 3 shall constitute monies loaned as set forth in paragraph 4(v) herein.

4. Receiver is authorized, subject to control of this Court and the laws regarding receivership, to take any and all actions necessary to ensure the proper and lawful conduct of the Property. Specifically, effective immediately upon the entry of this Order by the Court in this action:

 a. Receiver is appointed to act and serve as receiver with respect to the Property and with respect to the income therefrom, whether now existing or hereafter collected, including the rents, profits, refunds, and income from or relating to the Property.

 b. Receiver shall take and have complete and exclusive control, possession and custody of the Property, together with any and all bank accounts, credit card receipts, demand deposits, reimbursement rights, bank deposits, security deposits, and all other forms of accounts, accounts receivable, payment rights, cash, and cash equivalents.

 c. Receiver shall take any and all actions Receiver deems reasonable and appropriate to prevent waste to and to preserve, secure, manage, maintain and safeguard the Property and all other forms of property to which Receiver is entitled to take possession and control.

 d. Defendant 148 Duane LLC (the "Borrower") and all persons acting under its direction, including any current manager or developer of the Property, shall deliver

possession of the Property to Receiver, without any right of offset or recoupment. Borrower will turn over all documents reasonably necessary to operate the Property to Receiver. Borrower shall also cooperate with the Receiver to provide any additional documents and materials necessary to operate the Property to the extent they are actually in Borrower's possession, custody or control. Among the things Receiver may deem necessary, without limitation, are: (1) all keys; (2) the lease and communication and correspondence files relating thereto; (3) all, if any, security deposits, rent, prepaid rent, other sums relating to the use, enjoyment, possession, improvement or occupancy of all or any part of the Property, and any accountings of any of the foregoing; (4) a current list of the occupants of the Property, including all data with respect to each occupant; (5) any and all accounts receivable and accounts payable reports; (6) any and all documents pertaining to any ongoing litigation; (7) any and all documents pertinent to any licenses maintained in connection with the Property, and all communications and correspondence pertinent thereto; (8) any and all documents pertinent to any agreements entered into in connection with the Property, and all communications and correspondence pertinent thereto; (9) any and all contracts in effect with respect to any of the Property, and all communications and correspondence pertinent thereto; (10) any and all contracts, bids or other materials relating to any contractor work being done or that has been done at the Property; (11) any and all payroll records, employee files, applications and other materials relevant to those persons employed by or at the Property; (12) all such other records pertaining to the management of the Property; (13) any and all construction contracts, warranties, change orders, field notes, construction meeting notes, governmental filings, title reports, and environmental and/or engineering studies; (14) any and all documents or records pertaining to the

construction and redevelopment project at the Property (the "Construction Project"); (15) any and all invoices pertaining to all service providers and contracts at the Property; (16) any and all documents or records pertaining to taxes and other payments or assessments owed to governmental authorities or agencies; (17) any and all documents or records pertaining to any liens or encumbrances on the Property; and (18) an inventory of personal property or assets stored offsite.

   e. Borrower and all persons acting under its direction, including any manager or developer of the Property, are enjoined from in any manner disturbing Receiver's possession of the Property, and are prohibited and restrained from disposing of, dissipating, mishandling or misappropriating any of the Property, including the materials to be delivered under Section 4(d) of this Order, and are prohibited and restrained from collecting any rents or other sums due to Borrower in connection with the Property, all until ordered by the Court.

   f. Receiver is vested with (and Borrower and its respective agents, shall immediately deliver) the books and records with respect to the current operation of the Property as they are maintained by the Borrower. The Borrower shall cooperate with the Receiver to deliver any additional books and records that the Receiver may require to operate the Property, which are in the Borrower's possession, custody or control, including any and all information related to: (1) rent rolls and leases affecting the Property; (2) amounts paid by lessees and other obligors of Borrower; (3) liens, encumbrances and other interests against or affecting the Property; (4) property taxes owed by Borrower; (5) amounts owed to service providers and contractors; (6) all types of insurance affecting the Property (which Borrower shall not act to terminate or modify); (7) plans, specifications,

surveys and drawings of the Property; (8) access codes to the Property and any units therein; (9) all operating statements of Borrower; (10) all maintenance manuals for any equipment located at the Property; and (11) all other aspects of the Property, the Construction Project and the operation and management thereof.

      g.      Receiver shall allow Plaintiff and its agents access to the Property, solely for the purpose of inspection, not more than twice per month and upon reasonable prior notice to the Receiver.

      h.      Receiver is authorized to manage, operate, and lease the Property.

      i.      Receiver is authorized to retain, hire or discharge employees at the Property, without any liability to Receiver.

      j.      Receiver is authorized to retain an accountant to file required forms with applicable taxing authorities.

      k.      Receiver is authorized to retain necessary agents to fulfill his duties as set forth herein with further approval of Plaintiff or the Court.

      l.      To the extent that Receiver needs to take in and disburse any funds, he or she shall open an account or accounts in the name of "Fred Stevens, as receiver for 148 Duane LLC" under the Borrower's employer identification number. Such account(s) shall be opened at a financial institution approved, authorized to operate and insured by the Federal Deposit Insurance Corporation, and Receiver shall open and facilitate transactions in such account(s) through an industry standard fiduciary administrative services platform such as Axos Fiduciary Services, Epiq, Stretto, TrusteSolutions, or Verita. Receiver shall transmit a copy of any monthly statement of each such account to counsel to the Lender and Borrower by the 10th day of the immediately following month.

  m. Receiver is authorized to sign and submit an oath pursuant to CPLR § 6402.

  n. Receiver is authorized to make and receive payments and disbursements by check or wire transfer, in the ordinary course of business, as may be needed and proper for the preservation, maintenance and protection of the Property and to otherwise discharge the duties and responsibilities of the Receiver.

  o. Receiver is authorized to receive and collect any and all sums due and owing to Borrower with respect to the Property, whether the same are now due or hereafter become due and owing, and to deposit such sums into an account in its own name (which sums shall not be commingled with any other funds) established and maintained by Receiver.

  p. Receiver is authorized to continue and pay for any current insurance policies in place and is authorized to purchase further or additional insurance as Receiver deems appropriate, subject to further approval of either Plaintiff or the Court.

  q. Receiver is authorized to pay all current and past due real estate taxes, personal property taxes and any other taxes and assessments against any of the Property, but subject to further approval of either Plaintiff or the Court in the event net operating income from the Property is not sufficient to pay such taxes and assessments at any given time.

  r. Receiver is authorized to prepare and file tax returns with respect to the Property as may be required by law, provided, however, that Receiver is not responsible for the preparation of any tax returns for Borrower.

  s. Receiver is authorized, subject to Plaintiff's written consent and approval, to take any action he deems necessary and proper to complete the Construction Project.

t.      Receiver is authorized to: (1) negotiate and enter into contracts for any new leases, occupancy agreements and contracts, in the ordinary course of the business of the Property and other property; (2) modify existing leases, occupancy agreements and contracts in the ordinary course of the business of the Property; (3) pay all utilities, expenses and other obligations secured by, or which may give rise to, liens, and all other outstanding obligations to suppliers and servicers in the ordinary course of business; (4) make repairs necessary to the maintenance of the Property, including but not limited to all repairs necessary to remediate any environmental conditions present at the Property, in order to preserve the Property in the ordinary course of business, provided, however, that Receiver shall not make any improvements, repairs or remediation having a cost of $5,000.00 or more without first obtaining further approval of either Plaintiff or the Court; (5) negotiate and enter into agreements with construction professionals, including a construction manager, in order to facilitate repairs to and construction of the Property; and (6) take all steps necessary to comply with all requirements, regulations and laws, including but not limited to environmental or health requirements, regulations and laws, applicable to the Property, and to deal with all regulatory authorities in connection with the same.

u.      Receiver is authorized to, in Receiver's discretion, institute, prosecute, defend, compromise and intervene in or become a party to such actions or proceedings in state or federal courts which may in Receiver's opinion be necessary for the protection, maintenance and preservation of the Property, for the carrying out of the terms of any order of the Court affecting the Property, to commence actions against contractors or professionals for negligence relating to construction on the Property, to collect rents and other amounts now or hereafter becoming due, to remove tenants or other persons or

entities from the Property, or to defend against any action brought against Receiver acting in such capacity, and, with further approval of either Plaintiff or the Court, to retain other counsel in connection with the foregoing.

   v. Receiver is authorized to enter into further lending transactions by which Plaintiff may lend monies to Receiver (on a nonrecourse basis as to Receiver) to enable Receiver to perform Receiver's duties hereunder, in which case any monies loaned shall be chargeable to Borrower, shall bear interest at the applicable default interest rate under the Loan Documents, and may be recouped by Plaintiff from Borrower pursuant to Plaintiff's rights under the Loan Documents.

   w. Receiver may apply income from the Property, subject to the lien rights of Plaintiff, as follows: (1) to Receiver's approved fees and expenses; (2) to current operating expenses of the receivership incurred by Receiver in the ordinary course of business; (3) to the monthly and any other obligations owed to Plaintiff under the Loan Documents (as defined in the Order to Show Cause) or otherwise; and (4) to such other obligations, with further approval of either Plaintiff or the Court.

   x. Receiver is authorized to maintain sufficient funds on hand to enable Receiver to meet expenses, in an amount to be agreed to between Receiver and Plaintiff.

   y. Receiver shall be paid an hourly fee in the amount of $800.00 plus any travel costs and reasonable disbursements, including clerical services, as the same may be approved by Plaintiff in advance. Receiver is authorized to retain legal counsel in connection with fulfilling his duties as set forth herein. Plaintiff shall make protective advances to fund the payment of any such amounts due and owing to Receiver, and such protective advances by Plaintiff shall be added to the amounts owing by Borrower to

Plaintiff under the Loan Documents and Borrower's obligations to pay such amounts to Plaintiff shall be secured by the Mortgages and the other Loan Documents. Receiver shall not be required to seek approval of his or her fees from the Court unless there exists a dispute regarding the fees and expenses. Receiver shall be entitled to use and charge for the services of other partners, associates, and paraprofessionals at his or her law firm, provided that the rate charged for any such professional is at such person's normal and customary rate and that such rate does not exceed the Receiver's hourly rate. In the event that Receiver believes that he or she requires legal or other services not available at Receiver's own firm, Receiver may employ any such other and additional professional firm as necessary to perform Receiver's duties hereunder. However, in order to retain an additional professional, such professional must be free of any conflict of interest, and must be acceptable to Plaintiff. To the extent that Plaintiff does not approve of Receiver's proposed retention of such a professional, Receiver may seek this Court's authority to retain such professional.

z.  Receiver is directed to serve on the parties of record, which Plaintiff is then directed to file with the Court, within 45 days of entry of this Order, and not less than quarterly thereafter, and within 30 days after termination of the receivership, full and complete reports, under oath, detailing receipts, disbursements and transactions affecting the Property and that, at the option of Plaintiff, such reports may be submitted to the Clerk of the Court under seal and shall not be available for public.

aa.  No person or entity may file suit against Receiver in Receiver's capacity as receiver, unless otherwise authorized in advance by this Court.

bb.     Receiver, and those agents acting under Receiver's control, shall have no personal liability in connection with any obligations owed by Borrower to its creditors, and no creditor of Borrower, other than Plaintiff, shall seize or attempt to seize any property delivered to Receiver hereunder, and no creditor, including any utility company, shall act to terminate any existing service, either as a means of attempting to collect an obligation of Borrower or on account of an obligation of Borrower.

cc.     Receiver, and those agents acting under Receiver's control, shall have no personal liability in connection with their conduct in the course of this receivership, except for claims due to their gross negligence, gross or willful misconduct, malicious acts, or failures to comply with the orders of this Court.

dd.     Receiver is authorized to undertake all actions specifically set forth in this Order, as well as to exercise the usual and customary powers accorded to a receiver under New York law (except as otherwise limited by any order of the Court).

ee.     Receiver is authorized to obtain a bond in the amount acceptable to Plaintiff, which cost shall be paid by Plaintiff as a protective advance.

ff.     Receiver may be removed upon 15 days written notice by Plaintiff that Plaintiff desires such removal, with a copy of such notice lodged with the Court, or upon an order of the Court, in which event the Court shall appoint a substitute receiver to be recommended by Plaintiff.

gg.     Receiver shall not be obligated to advance Receiver's own funds in order to pay the costs and expenses of the receivership that have been approved by Plaintiff and the Court.

    hh.    Receiver may apply at any time to the Court, with notice to all other parties in this case, for further instruction and for further power necessary to enable Receiver to properly fulfill Receiver's duties.

    ii.    Receiver shall be discharged, upon the Court's approval of Receiver's final accounting.

    jj.    The entry of this Order shall not in any manner prejudice any of the other rights and remedies of Plaintiff under its Loan Documents (as defined in the Order to Show Cause) and under applicable law; and nothing shall preclude any consensual resolution that may be reached between Plaintiff and Borrower with respect to the Property, and Receiver shall abide by the terms of any such consensual resolution.

Dated: _____July 7_____, 2025

                                                          *[signature]*
                                              The Honorable Margaret M. Garnett
                                              United States District Court Judge