UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
AXOS FINANCIAL, INC.,

                  Plaintiff,

                  Case No. 1:25-cv-251

      -against-

148 DUANE LLC, KENT M. SWIG, TIMOTHY
TABOR, AKIKO TABOR, BOARD OF MANAGERS
OF 148 DUANE STREET CONDOMINIUM, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD
and "JOHN DOE NO. 1" to "JOHN DOE NO. 20,"
inclusive, the last twenty names being fictitious and
unknown to plaintiff, the persons or parties intended
being the tenants, occupants, persons or corporations, if
any, having or claiming an interest in or lien upon the
premises described in the complaint,

                  Defendants.

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

------------------------------------------------------------------ X

      **WHEREAS**, plaintiff Axos Financial, Inc. ("Plaintiff") and defendant Kent M. Swig ("Guarantor," and together with Plaintiff, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the jurisdictional discovery requested by Guarantor in the above-captioned action (the "Action"):

      1.    Counsel for either of the Parties may designate any document, fact or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of its client in information that is proprietary, confidential, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped or otherwise designated "CONFIDENTIAL" (the "Confidential Information").

      2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the Action, and for no other purpose, and shall not be disclosed to any other person except as explicitly provided for in this Stipulation and Protective Order.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this Action is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and its counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter on behalf of Plaintiff or Guarantor, to the extent deemed necessary by counsel, provided that the consultant or expert complies with Paragraph 5, below; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of their position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any appropriate person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document, fact or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document, fact or information as Confidential Information. If so designated, the document fact or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Protective Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) may be redacted. To the extent any unredacted PII is exchanged in discovery shall be maintained by

the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10. At the conclusion of litigation, Confidential Information, and any copies thereof, shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that the disclosing party:

    a. promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulation and Protective Order; and

    c. cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

SO STIPULATED AND AGREED.

Dated: New York, New York
November 6, 2025

/s/ *Michael T. Driscoll*
Michael T. Driscoll
Attorneys for Plaintiff

Dated: New York, New York
November 6, 2025

_____
Thomas H. Herndon, Jr.
Attorneys for Guarantor

Dated: New York, New York
_____, 2025

Dated November 10, 2025.

SO ORDERED.

_____
Margaret M. Garnett
United States District Court Judge

-4-

## Exhibit A

## Agreement

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I have read and will abide by the terms of the Stipulation and Protective Order in this case and will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:

_____
(Attorney)