USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___12/4/2025___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AXOS FINANCIAL, INC.,

                                    Plaintiff,

                    -against-

148 DUANE LLC, ET AL.,

                                    Defendants.

25-CV-00251 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On October 20, 2025, the Court entered an Order adopting the parties' proposed schedule for jurisdictional discovery and setting a November 21, 2025 deadline for Mr. Swig to file an anticipated motion to dismiss for lack of subject-matter jurisdiction.  Dkt. No. 95.  The Court's Order specified that—if Mr. Swig did not so move—the parties were to file a joint letter by December 2, 2025, setting out the parties' positions on Plaintiff's proposed motion for summary judgment on count I of the complaint.  *Id.*  The Court granted a motion to withdraw filed by Mr. Swig's former counsel—the second attorney to appear on behalf of Mr. Swig before either being fired or withdrawing—on November 10, 2025.  *See* Dkt. No. 103.

The November 21, 2025 deadline passed without word from Mr. Swig or a timely motion for an extension.  Accordingly, the Court entered an Order on November 25, 2025, noting that Mr. Swig had missed the deadline to file a motion to dismiss and reminding the parties of their obligation to file a joint letter concerning Plaintiff's proposed motion for summary judgment by December 2, 2025.  Dkt. No. 105.

On December 2, 2025, the Court received a letter from Mr. Swig, proceeding *pro se* (attached as Exhibit A to this Order).  Although the deadline for the close of jurisdictional discovery had already passed, Mr. Swig's letter for the first time raised an apparent discovery

dispute.  Mr. Swig's letter also requested additional time for Mr. Swig to secure new counsel so that he could file the motion to dismiss, which was due eleven days previously; and participate in drafting the joint letter, which was due the same day that Mr. Swig filed his letter.

That same day, Plaintiff filed the joint letter, setting out its position and that of the Tabors on Plaintiff's anticipated motion for summary judgment.[1]  Dkt. No. 106.  Plaintiff requested that it be able to move for summary judgment on the foreclosure of the property (the first of three claims in the Complaint) and argued that the record was sufficient for the Court to resolve the foreclosure issue.  The Tabors opposed the request and argued that discovery was necessary to determine damages and the Tabors' lien priority.  The Tabors also requested permission to enter the property to inspect its fourth floor and common area.

On consideration of Mr. Swig's letter and the parties' joint letter (Dkt. No. 106), it is hereby ORDERED that:

> (1)    Mr. Swig's request for an extension is DENIED.  Mr. Swig failed to timely request that the Court extend the deadline for either his possible motion to dismiss or the joint letter.  This is only the latest in a long pattern of Mr. Swig's assertions that if he just had a little more time, he would be able to obviate this matter or raise meritorious defenses to it, none of which have borne out.  Mr. Swig has frequently been extended courtesies and indulgences by both the Plaintiff and the Court, but the time to move forward with the substance of this matter has arrived.

---

[1] According to the letter, Plaintiff's counsel repeatedly contacted Mr. Swig and counsel for 148 Duane LLC to obtain their submissions for the joint letter, but neither party provided submissions for the joint letter.  Dkt. No. 106.

(2)    Plaintiff's request to move for summary judgment is GRANTED and the Tabors' request for discovery is DENIED without prejudice to renewal after the motion for summary judgment as to Count One of the Complaint is decided.  Discovery on damages is not relevant to the proposed summary judgment motion concerning foreclosure.  And lien priority presents a legal question for which fact discovery is not necessary.  To the extent the Tabors believe there are relevant facts that are unknown or in dispute that preclude summary judgment *on the foreclosure claim*, they can raise that in opposition to Plaintiff's proposed motion for summary judgment.  Accordingly, the Court will permit Plaintiff to move for summary judgment on Count One of the Complaint seeking forfeiture of the three condominium units relevant to this lawsuit (Block 146, Lots 1401, 1402, and 1403).  To accommodate Mr. Swig's attempt at securing new counsel, however, the Court will set the below extended schedule for summary judgment briefing:

- Plaintiff's anticipated motion for summary judgment on Count One of the Complaint shall be due by **December 23, 2025**;

- Any responses in opposition to the motion for summary judgment shall be due by **January 23, 2026**; and

- Any replies in support of the motion for summary judgment shall be due by **February 6, 2026**.

(3)    The Tabors' request that they be permitted to access and inspect the fourth floor of the Apartment at 148 Duane Street, including the common area, is GRANTED. The Tabors' counsel shall coordinate with the Receiver to schedule a visit and visual

3

inspection as soon as reasonably practicable, but in any event no later than **January 6, 2026**, unless the Tabors consent to a later date.

Dated: December 4, 2025
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge